UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEMURI KUPRASHVILI, by his next friend NONA TILLEY, ESQ., <br><br> Petitioner, <br><br> v. <br><br> MDC Brooklyn, WILLIAM P. JOYCE, Acting Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States; and MARKWAYNE MULLIN, Secretary of Homeland Security, <br><br> Respondents. | MEMORANDUM & ORDER <br> 26-CV-02581 (NRM) |

NINA R. MORRISON, United States District Judge:

Petitioner Temuri Kuprashvili, who is currently detained at the Metropolitan Detention Center, petitions for a writ of habeas corpus, alleging that his detention violates the Immigration and Nationality Act as well as the Fourth and Fifth Amendments of the United States Constitution. Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1. Petitioner is a citizen of the Republic of Georgia who entered the United States on January 23, 2019. Pet. at 13.[1] He was ordered removed but released in 2020 on an Order of Supervision ("OSUP"). *Id.* at 13–14. On June 7, 2025, while appearing for a regular ICE check-in, Petitioner was arrested outside the Immigration and Customs Enforcement ("ICE") field office at 26 Federal Plaza. *Id.*

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

at 14–15.

Respondents asserted that they had the authority to detain Petitioner under 8 U.S.C. § 1231(a), the post-removal detention statute that allows for the detention of noncitizens pending removal. Pet. at 15. The primary thrust of Petitioner's claim is that 8 U.S.C. § 1226(a), not § 1231(a), governs his detention because his third motion to reopen, filed on December 19, 2024, and his then-pending I-360 petition under the Violence Against Women Act ("VAWA"), triggered a "mandatory stay of removal under 8 U.S.C. § 1229a(c)(7)(C)(iv)." Pet. at 17. And under § 1226(a), Petitioner would be entitled to a bond hearing, which he did not receive. Pet at 12; *see Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *3 (2d Cir. Apr. 28, 2026).

Notably, Petitioner previously made this same argument in another, unsuccessful petition for a writ of habeas corpus in the Southern District of New York ("S.D.N.Y.") before Judge Paul A. Engelmayer. *See Kuprashvili v. Flanagan*, No. 25-CV-5268 (PAE), 2026 WL 1067217 (S.D.N.Y. Apr. 20, 2026). Judge Engelmayer denied the petition on April 20, 2026, finding that Petitioner's VAWA petition "had not been 'found to have demonstrated statutory prima facie eligibility,'" and that "the filing of a motion to reopen in and of itself . . . does not stay proceedings . . . where a final order of removal has been entered." *Id.* at *11. Judge Engelmayer thus concluded that Petitioner's detention was appropriately governed by § 1231(a)(6), and that he had failed to show that his due process rights had been violated. *See id.* at *8–9. Petitioner filed a notice of appeal the same day. *See Kuprashvili*, No. 25-CV-

2

5268, ECF No. 37.  Ten days after the dismissal of his first petition, he filed the instant Petition in this district.

Based on this procedural history, the Court issued an order asking Respondents if they opposed staying the case pending resolution of the appeal of the S.D.N.Y. order.  Respondents filed a letter opposing the stay, arguing that the Petition should be denied as an abuse of the writ.  Resp't Ltr. at 2–3, ECF No. 4.

The Court agrees that here, dismissal rather than a stay is appropriate. Although res judicata does not apply to habeas petitions, it is well settled that "the 'abuse of the writ' doctrine is a substitute for res judicata in the context of second habeas petitions."  *Cardona v. Taylor*, No. 17-CV-320 (GHW), 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017).  "[A] court need not entertain a petition that abuses the habeas process.  One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition."  *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004).

Here, there is no need to consider whether Petitioner *could have* asserted his present claims in the prior petition, because he did in fact raise those very claims.  "A successive petition is an abuse of the writ unless the petitioner is able to show cause for . . . seeking to raise the same claim twice[] and any resulting prejudice."  *Agoro v. United States*, No. 11-CV-1818 (SAS), 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011); *see also McCleskey v. Zant*, 499 U.S. 467, 494–96 (1991).  Petitioner does not identify, in either his Petition or his response to the government's letter opposing the stay, any new factual developments or intervening changes in the law in the weeks

3

that have elapsed since the dismissal of his petition and Respondents' motion to dismiss that would justify reconsideration of the claims already adjudicated by Judge Engelmayer. *See Cardona*, 2017 WL 1291996, at *2 ("Petitioner must show cause for bringing the same claims twice, for instance, by showing 'the discovery of new facts or an intervening change in the law.'" (quoting *Agoro*, 2011 WL 1330771, at *3)).

Moreover, to the extent that any cause might exist for reconsideration of his claims, Petitioner is already in a position to raise such arguments in his pending appeal from the dismissal of his earlier petition in the Second Circuit. He has also separately moved before the Second Circuit for a stay of removal and release from detention pending resolution of the appeal, which has been referred to a three-judge panel. Resp't Ltr. at 13 & 17. He has therefore not demonstrated prejudice that would result from the dismissal of those identical claims before this Court, as he is simultaneously seeking review of those issues before the Second Circuit, which, in any case, may render any ruling of this Court moot.

The Petition is thus dismissed, without prejudice, as an abuse of the writ. *See Esposito*, 392 F.3d at 550–51 (affirming the district court's denial of a habeas petition that repeated claims asserted in a prior petition). Petitioner's pending emergency motion for a bond hearing or release is denied as moot, as this Court no longer has jurisdiction over Petitioner's claims.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:    May 27, 2026
          Brooklyn, New York