UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TEMURI KUPRASHVILI, by his next friend
NONA TILLEY, ESQ.,

               Petitioner,
     v.

MDC Brooklyn, WILLIAM P. JOYCE,
Acting Field Office Director, New York
Field Office, U.S. Immigration and
Customs Enforcement; TODD BLANCHE,
Attorney General of the United States; and
MARKWAYNE MULLIN, Secretary of
Homeland Security,

               Respondent.

MEMORANDUM & ORDER
26-CV-02581 (NRM)

NINA R. MORRISON, United States District Judge:

On May 27, 2026, this Court dismissed Petitioner Temuri Kuprashvili's petition for writ of habeas corpus (the "Petition") as an abuse of the writ given a prior dismissal of substantially the same petition in the Southern District of New York before Judge Engelmayer. *Kuprashvili by his next friend Tilley v. MDC Brooklyn*, No. 26-CV-02581 (NRM), 2026 WL 1481860 (E.D.N.Y. May 27, 2026); *Kuprashvili v. Flanagan*, No. 25-CV-5268 (PAE), 2026 WL 1067217 (S.D.N.Y. Apr. 20, 2026). Petitioner has now filed a motion for reconsideration of the Court's dismissal. Mot. for Reconsideration ("Mot."), ECF No. 12.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). It "is not a vehicle for relitigating old issues, presenting the case under new

1

theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation modified). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Van Buskirk*, 935 F.3d at 54 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Petitioner cites the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), as an intervening change in the law that merits reconsideration because it was published after Judge Engelmayer's dismissal of Petitioner's first petition, *Kuprashvili v. Flanagan*, 2026 WL 1067217. Mot. at 1–2. In *Cunha*, the Second Circuit held that 8 U.S.C. § 1226, not § 1225(b)(2)(A), governs the detention of noncitizens "who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Cunha*, 175 F.4th at 69. Petitioner thus argues that § 1226 governs his detention, entitling him to a bond hearing that he never received. Mot. at 3–4. Notably, however, in dismissing Petitioner's initial petition, Judge Engelmayer did not rely on the applicability of mandatory detention under § 1225(b)(2)(A), nor on any potential application of the discretionary detention provisions of § 1226 to Petitioner's case. Instead, he concluded that Petitioner's detention was governed by the post-removal detention provision, § 1231(a)(6). *Kuprashvili*, 2026 WL 1067217, at *8–9.

Construing Petitioner's motion liberally, it might read to argue that *Cunha*

nevertheless constitutes a material change in the law as to the scope and applicability of § 1231. However, the Court need not address that issue, because Petitioner still presently has the opportunity to raise these exact claims and arguments before the Second Circuit, both in his direct appeal of Judge Engelmeyer's order of dismissal and through his motion for a stay of removal and release from detention pending resolution of that appeal. *See* Resp't Ltr. at 13 & 17, ECF No. 4. In other words, because those proceedings are ongoing and present an opportunity for Petitioner to be heard on the issues he now raises before this Court, Petitioner cannot show any "resulting prejudice" from his prior inability to cite *Cunha* before Judge Engelmayer that would warrant reopening his virtually identical successive petition in this Court. *Agoro v. United States*, No. 11-CV-1818 (SAS), 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011).

Petitioner has failed to identify evidence or an intervening change in law "that might reasonably be expected to alter the conclusion reached by the [C]ourt." *Van Buskirk*, 935 F.3d at 54. The motion for reconsideration is thus denied.


SO ORDERED.


                                        */s/ Nina R. Morrison*
                                        NINA R. MORRISON
                                        United States District Judge


Dated:        June 9, 2026
              Brooklyn, New York


3